# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| JEAN G. ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:23-cv-01741-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| ELLENORA G. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| ELLENORA G. JACKSON, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM G. GREGORIE, | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

This matter is before the court on plaintiff Jean G. Ortiz's ("Ortiz") motion to dismiss defendant Ellenora G. Jackon's ("Jackson") counterclaim, ECF No. 8. For the reasons set forth below, the court grants the motion to dismiss the counterclaim without prejudice.

## I. BACKGROUND

This action arises from a dispute among the children of Marguerite D. Gregorie ("Marguerite"). Marguerite had four children: Ortiz, Jackson, counter-defendant William D. Gregorie ("William"), and Richard B. Gregorie ("Richard"). Ortiz alleges that Jackson used Jackson's status as their mother's primary caregiver to unduly influence their mother into executing a Quit Claim Deed that transferred Marguerite's property at

17 Maranda Holmes Street, Charleston, South Carolina (the "Property") to Jackson and Marguerite as tenants in common with a right of survivorship. Ortiz alleges that as a result, Jackson effectively removed the Property from Marguerite's probate estate and disinherited Ortiz's right to inherit equal shares in the Property upon Marguerite's death.

On April 26, 2023, Ortiz filed the instant action against Jackson, alleging (1) intentional interference with inheritance, (2) breach of fiduciary duty, and (3) disgorgement and constructive trust. ECF No. 1, Compl. On May 26, 2023, Jackson filed her answer and counterclaims. ECF No. 5, Ans. Jackson's counterclaims named William as an additional counter-defendant pursuant to Federal Rule of Civil Procedure 13(h). Id. at 1 n.1. Of relevance here, Jackson's eighth counterclaim against Ortiz and William alleges that they defamed Jackson. Id. ¶¶ 155–61.

On June 16, 2023, Ortiz filed a motion to dismiss Jackson's eighth counterclaim. ECF No. 8. Jackson responded to the motion on June 30, 2023, ECF No. 12, and Ortiz replied on July 7, 2023, ECF No. 13. As such, the motion has been fully briefed and is now ripe for review.

## II.  STANDARD

### A.  Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the

plaintiff can prove no set of facts that would support his claim and would entitle him to

relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When

considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations

as true and should view the complaint in a light most favorable to the plaintiff.

Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at

1134.

The standards for evaluating a Rule 12(b)(6) motion apply when evaluating the

sufficiency of counterclaims. Info. Planning & Mgmt. Serv. Inc. v. Dollar Gen. Corp.,

2016 WL 69902, at *3 (E.D. Va. Jan. 5, 2016); see also E.I. du Pont de Nemours & Co.

v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) ("To survive the motion [to

dismiss], a complaint (or counterclaim, as is the case here) must contain sufficient facts to

state a claim that is plausible on its face.") (internal quotation marks and citation

omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id.

### III.   DISCUSSION

Jackson's eighth counterclaim alleges that Ortiz and William defamed Jackson by

making false and defamatory statements about Jackson "to other family members and

3

friends, to include but not limited to Richard Gregorie, Richard Gregorie's children, the parties' children, Alverta Hunter and other family members and friends of Defendant and attorneys involved in the execution of the Quit Claim Deed, starting in or around 2015." Ans. ¶ 156.  The counterclaim alleges that the defamation consisted of statements that:

   a.   Defendant isolated her Mother from other members of the family;

   b.   Defendant prevented, restricted and/or other [sic] hindered her Mother from communicating with other members of the family;

   c.   Defendant unduly influenced, coerced, and/or otherwise forced her Mother to sign and execute the Quit Claim Deed; and

   d.   Defendant fraudulently concealed the quitclaim deed [sic] from other members of the family.

Id.

To bring a successful claim for defamation, a plaintiff must prove: "(1) a false and defamatory statement was made; (2) the unprivileged publication of the statement was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement regardless of special harm or the publication of the statement caused special harm."  Kunst v. Loree, 817 S.E.2d 295, 302 (S.C. Ct. App. 2018), reh'g denied (Aug. 16, 2018).

Ortiz moves to dismiss the eighth counterclaim based on the second element of defamation, that the communications at issue were "made to a third party."  Specifically, Ortiz argues that Jackson fails to "state with specificity the time, place, medium, and listener of the alleged defamatory statements."  ECF No. 8 at 4 (quoting Doe v. Cannon, 2017 WL 591121, at *1 (D.S.C. Feb. 14, 2017)).  In response, Jackson argues that the time-place-listener requirement is derived from dicta and is not binding on the court. Jackson cites this court's recent order in Bassford v. Bassford, 2021 WL 5358976 (D.S.C.

Nov. 17, 2021), to contend that there is no such requirement at the motion to dismiss stage.

It is true that district courts, including this court, have previously held that a complaint must allege the time, place, medium, and listener of an alleged defamatory statement.  See, e.g., Alexander v. Pharmerica Logistic Servs., LLC, 2022 WL 5204483, at *6 (D.S.C. Oct. 5, 2022); Doe, 2017 WL 591121, at *1.  But Jackson is also correct that the rule is derived from an unpublished opinion which cited law from the District of Columbia.[1]  See Eng. Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc., 172 F.3d 862 (4th Cir. 1999) (unpublished table opinion) (citing Caudle v. Thomason, 942 F. Supp. 635, 638 (D.D.C. 1996)); see also Campbell v. Int'l Paper Co., 2013 WL 1874850, at *3 (D.S.C. May 3, 2013) (recognizing that the Fourth Circuit's statement was "in dicta").

Despite sometimes differing on the applicable framework, district courts have ruled in a relatively uniform manner when presented with questions regarding the sufficiency of defamation allegations.  Compare Campbell, 2013 WL 1874850, at *4 (dismissing defamation claim where the statement at issue was simply alleged to have been made "publicly known") and Colleton v. Charleston Water Sys., 225 F. Supp. 3d 362, 369 (D.S.C. 2016) (dismissing allegation that the defamatory statement "was heard," even if the court drew the inference that the statement was heard in the workplace), with Alford v. Wang, Inc., 11 F. Supp. 3d 584, 587–88, 597 (D.S.C. 2014) (eschewing

---

[1] To be sure, the degree of specificity required for a pleading as to the elements of a state law claim is matter of federal procedure.  McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996).  But the issue arguably involves a mixed question of what constitutes publication to a third party under South Carolina law.  And the crux is that the Fourth Circuit ultimately cited Caudle for the proposition that "[e]ach act of defamation is a separate tort that . . . a plaintiff must specifically allege."  Eng. Boiler, 172 F.3d 862.

<u>Campbell</u>'s requirement that the plaintiff allege the names of the listeners and allowing a defamation claim to proceed where the plaintiff specifically alleged that the defendant "told other employees that she had been demoted because she was stealing from the store and because she was a racist") <u>and</u> <u>Johnson v. Duke Energy</u>, 2014 WL 2434630, at *2 (D.S.C. May 29, 2014) (same, where the plaintiff alleged that the defamatory statements were made "to a discrete group of individuals" within a two month period).[2]  That includes this court's decision in <u>Bassford</u>.  There, the court distinguished cases that had required allegations about the time, place, medium, and listener because the plaintiff had alleged that the defendant made the defamatory statement to a specific bank employee such that the "defendant [wa]s on notice of what statement he [wa]s alleged to have made." <u>Bassford</u>, 2021 WL 5358976, at *3.

Perhaps the better way of thinking about this issue, then, is simply whether a plaintiff (or here, counter-plaintiff) has alleged enough context and specificity "to put the [other party] on notice as to which statements it was to defend[] against." <u>Davis v. Penn Fin., LLC</u>, 2021 WL 3088059, at *3 (D.S.C. July 22, 2021); <u>see</u> <u>Hughs v. Royal Energy Res., Inc.</u>, 2020 WL 6689132, at *3 (D.S.C. Nov. 12, 2020) ("A counter defendant cannot be expected to defend against an allegation that the counter defendant defamed the counter plaintiff by making a statement heard by unknown persons at an unknown place at an unknown time.") (cleaned up); <u>cf.</u> <u>Harris v. Tietex Int'l Ltd.</u>, 790 S.E.2d 411, 416 (S.C. Ct. App. 2016) (citing <u>McBride v. Sch. Dist. of Greenville Cnty.</u>, 698 S.E.2d 845,

---

[2] In <u>Dickerson v. Albemarle Corp.</u>, 2016 WL 245188, at *4 (D.S.C. Jan. 21, 2016), Judge Childs similarly surveyed district court orders that had both granted and denied motions to dismiss defamation claims, finding that they coalesced around the specificity of the alleged statements.

853 (S.C. Ct. App. 2010)) (explaining that since the plaintiff did not identify the specific statements in circulated memos that were allegedly defamatory, the court could not evaluate the statements, and the claim was subject to dismissal).  Here, the counterclaim fails to provide enough context for Ortiz to know what specific statements she is alleged to have made.  As Ortiz notes, it is unclear whether Jackson is alleging that Ortiz made the statements to all the listed individuals.  ECF No. 13 at 3.  If that is not the case, Jackson fails to allege which statements were made to which individuals.  This problem is further magnified by the addition of William to the counterclaims.  For example, is Jackson alleging that Ortiz told their brother, Richard, that Jackson prevented their mother from communicating with people in their family?  Is Jackson alleging that William told the lawyers involved in executing the Quit Claim Deed that Jackson fraudulently concealed that same deed from the family?  There is no way of knowing from the counterclaim.

Finally, there is also missing context about the timeframe that makes it difficult for Ortiz to ascertain what statements she is alleged to have made.  The counterclaim alleges that Ortiz and Williams "continued to make these false and defamatory statements between 2015 and the time of this [c]omplaint."  Ans. ¶ 157.  The need to specify time as part of the context is particularly critical here.  The statute of limitations for defamation in South Carolina is two years.  Squirewell v. S.C. Dep't of Labor, 2011 WL 4808260, at *4 (D.S.C. Oct. 11, 2011) (citing S.C. Code Ann. § 15-3-550).  Without specifying the time for each statement, the court cannot evaluate which statements—if any—are properly raised in this action.

7

For those reasons, the court finds it necessary to grant Ortiz's motion to dismiss the defamation counterclaim.  Jackson asks, in the alternative, that the court allow her to amend her Answer and Counterclaims if the court comes to that conclusion.  ECF No. 12 at 6–7.  Ortiz opposes the request.  ECF No. 13 at 3–4.  Since Jackson did not file a formal motion for leave to amend, the court cannot provide that relief, but the court will dismiss the counterclaim without prejudice.  Jackson may move to amend her counterclaims for cause if she so wishes.[3]

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss the eighth counterclaim without prejudice.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 14, 2023**
**Charleston, South Carolina**

---

[3] Furthermore, this order should not be seen as preventing the parties from exploring these allegations during discovery.

8